**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**THELMA WILLIAMS, JR.**                                                          **PLAINTIFF**

**V.**                          **CASE NO.: 5:08CV00006 JLH/BD**

**R. JOHNSON, et al.**                                                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I**.          **Procedure for Filing Objections:**

The following recommended disposition has been sent to Chief United States

District Court Judge J. Leon Holmes.  Any party may serve and file written objections to

this recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically identify

that finding and the evidence that supports your objection.  An original and one copy of

your objections must be received in the office of the United States District Court Clerk no

later than eleven (11) days from the date you receive the recommended disposition.  A

copy will be furnished to the opposing party.  Failure to file timely objections may result

in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## II.   __Introduction__:

Plaintiff Thelma Williams, a former Arkansas Department of Correction ("ADC")

inmate, filed this action pro se under 42 U.S.C. § 1983.  In his Second Amended

Complaint (docket entry #54), Plaintiff alleges that Defendants Charlotte Green, Teresa

Kundert, Kathy Wells, and Greg Harmon acted with deliberate indifference to his medical

needs by denying his request for medical treatment after he was struck with a police baton

by Lt. Stevenson on December 31, 2007.[1]

Defendant Harmon previously filed a Motion to Dismiss (#102); that motion was

granted (#164, #173).  Now pending is a Motion for Summary Judgment (#225) filed by

Defendants Charlotte Green, Teresa Kundert, and Kathy Wells.  Plaintiff has not

responded.  The Court recommends that Defendants' Motion for Summary Judgment

(#225) be GRANTED.  In addition, the Court recommends that the District Court certify

that an *in forma pauperis* appeal taken from the order and judgment dismissing this action

would be frivolous and not taken in good faith.

## III.   __Background__:

Plaintiff alleges that Lt. Stevenson struck Plaintiff's right palm with a police baton

on December 31, 2007.  This incident is not at issue.  Instead, Plaintiff's immediate claim

involves his alleged lack of medical care for his injured hand.

---

[1] Defendants R. Johnson, J. Page, S. Jackson, D. Johnson, B. Perry, Brander, Westbrook, Mull, Puckett, and Colleen previously were dismissed from this lawsuit.

As a result of the incident with Lt. Stevenson, Plaintiff was left with a small cut on his palm (#227-4).  On the day Plaintiff was struck, a nurse making pill-call rounds looked at Plaintiff's hand and instructed him to make a sick call request (#227-2, p. 13-14).

LPN Shirley Carpenter saw Plaintiff on January 7, 2008 (#227-4) and noted a pea-sized scab to the palm of Plaintiff's right hand, presumably as a result of Plaintiff's being hit with the baton.  Plaintiff complained that his hand was still tender and that he had pain in his wrist when writing.  Nurse Carpenter gave Plaintiff a three-day supply of over-the-counter acetaminophen and instructed him to follow up with a medical request if his hand was not better in three to four days (#227-4).  Plaintiff filed this action the next day, January 8, 2008 (#2).

On January 15, 2008, Plaintiff underwent a medical evaluation as a part of his transfer from the Varner Unit of the ADC to the East Arkansas Regional Unit ("EARU") (#227-5).[2]  The evaluation noted no current or follow-up treatment and no pending appointments.  Plaintiff's transfer arrival assessment showed no evidence of abuse or trauma (#227-5, p. 4).  Plaintiff's only complaint at the time was gastroesophageal reflux disease (GERD).  Plaintiff's then-current medications included hand lotion, but nothing related to a hand injury.

---

[2] At the time of this incident, Defendants Green, Kundert, and Wells were all working in the EARU.

3

On February 28, 2008, while housed in the EARU, Plaintiff requested to see a nurse or doctor about his hand (#227-4, p. 3). LPN Crystal Sims saw Plaintiff on April 3, 2008. During this medical visit, Plaintiff complained of dry skin on his hands (#227-4, p. 3). Nurse Sims noted no abnormalities at that time. The medical records do not evidence any complaint by Plaintiff related to hand trauma.

Plaintiff placed another sick call request on April 20, 2008, at which time he complained that he had not been seen at any previous time (#227-4, p. 4). Nurse Sims saw Plaintiff on April 23, 2008, and he complained of worsening dry skin that was spreading to his head, chest, back, and legs. Nurse Sims referred Plaintiff for a medical evaluation regarding his dry skin (#227-4, p. 4). Other than the notation about dry skin, the record does not mention any other issues with hand problems.

In their motion for summary judgment (#225), Defendants argue that Plaintiff's claims should be dismissed because: (1) Plaintiff failed to show that he suffered an actual injury as the result of the alleged denial of medical attention; (2) Plaintiff failed to show that any of the Defendants were deliberately indifferent to his medical needs; (3) Plaintiff's claims are based on vicarious liability; (4) Plaintiff failed to exhaust his administrative remedies; and (5) Plaintiff's *in forma pauperis* status should be revoked.

The Plaintiff has failed to show that he suffered from a serious medical condition. He also has failed to show that the Defendants were deliberately indifferent to any of his medical needs. Thus, the Defendants are entitled to summary judgment.

**IV.** **Discussion**:

    A. *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

B.     *Deliberate Indifference to Plaintiff's Medical Needs*

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. *Jenson v. Clark*, 94 F.3d 1191 (8th Cir. 1996). Deliberate indifference by prison personnel to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Inmates must demonstrate (1) that they suffered objectively serious medical needs, and (2) that the prison officials actually knew of, but deliberately disregarded, those needs. *Id.* A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* at 778.

To prove deliberate indifference, "[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on

6

that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996).  As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment.  *Id.*

Defendants have provided evidence that Plaintiff's hand injury was not a "serious medical need."  The small scab resulting from the injury and the related tenderness were treated with three days of Motrin (ibuprofen) (#227-4).  Plaintiff did not request additional treatment for his hand from medical personnel at the Varner Unit.  Plaintiff's transfer and arrival evaluations did not reflect any injury to Plaintiff's hand (#227-5). Once at the EARU, Plaintiff's complaints related only to dry skin on his hands and not to blunt force trauma (#227-4).

Eighth Amendment claims require more than *de minimis* injury.  *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citations omitted).  Plaintiff has failed to meet proof with proof by providing evidence of an injury beyond the *de minimis* threshold.

Plaintiff states that he may have arthritis in his right hand and that his hand hurts when it is cold (#227-2, p. 14).  To soothe the pain, he wraps his hand in a warm towel. Plaintiff's allegation that he has arthritis in his hand is speculative, at best, and finds no support in the record.  Significantly, Plaintiff attributes this condition to Lt. Stevenson's striking his hand, and not to the denial of treatment.

Plaintiff believes that Defendants should have x-rayed his hand (#227-2, p. 14). According to the Plaintiff, if x-rays had evidenced arthritis, he would have been given pain medications (#227-2, p. 14). He does not explain why he never purchased pain relievers available to him through the commissary (#227-6; #227-2, p. 14).

In any event, other than the initial scab and possible arthritis, Plaintiff does not have any other issues with his hand (#227-2, p. 7). He has not established a serious medical condition requiring treatment.

Even if Plaintiff could show that his hand injury constituted a "serious medical need," he has not provided evidence that the Defendants were deliberately indifferent to a known risk to his health. To satisfy the subjective component of the deliberate indifference standard, Plaintiff must show that the Defendants actually knew of, but deliberately disregarded, a serious medical need. *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009) (citations omitted). None of the Defendants were charged with providing medical services for Plaintiff's hand injury. Plaintiff sued Defendants Green, Kundert, and Wells because they were supervisors (#227, ¶ 15-17).

Plaintiff's contention that Defendants should have x-rayed his hand is without merit, even if these Defendants were directly responsible for treating his hand. First, he has failed to provide any evidence that a delay in treatment affected his prognosis. See *Sherrer v. Stephens*, 50 F.3d 496, 497 (8th Cir. 1994) (delay in treatment claims require evidence that defendants ignored an acute or escalating situation or that the delays

8

adversely affected the prognosis).  Second, Plaintiff has no constitutional right to receive a particular or requested course of treatment.  *Long*, 86 F.3d at 765.

The alleged deficiencies in medical treatment, even if there had been deficiencies, fall far short of a constitutional violation.  Accordingly, Defendants' Motion for Summary Judgment (#225) should be granted.

## V.    <u>Conclusion</u>:

The Court recommends that Defendants' motion for summary judgment (#225) be GRANTED and that all claims be DISMISSED with prejudice.  In addition, the Court recommends that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 16th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE